JESSE GRAY *v.* RANDALL GRAY'S ADMR. ET AL.

**Affidavit—Form in Which Given.**
    An affidavit is sufficient, whether it allege a "legal" or "just" off-set.
    It is not required that it be a literal copy of the form prescribed.

APPEAL FROM MASON CIRCUIT COURT.

February 9, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

It is true that the verification of appellant's demand is not in the precise language prescribed in the statute and we do not deem it necessary that it should be a literal copy of the form prescribed, the difference between a *"legal"* and *"just"* off-set, is scarcely sufficient to condemn the affidavit, and looking at the whole language we think it a substantial compliance with the requirements of the law and substance more than form should be looked at. We also deem the reason stated in the response of appellant a sufficient excuse for not accompanying his affidavit with the other proof required. The administrator, the only witness as he says, by whom he can prove the demand, is a defendant to the action, and it is stated in the response that he declined to prove it, or to have any-

thing to do with it, saying that *he could* prove it, but that the negroes (meaning plaintiff and defendants) might fight it out, that he would have nothing to do with it.

He had no compulsory process by which he could compel the administrator to prove the account, if the statement in the response was untrue, the administrator could have so stated in a counter-affidavit, which he failed to do, and the language of the response, although not as direct and unequivocal on the point as it might have been, still certainly implies that he applied to the administrator to make the proof. The court below was of the opinion that the reason stated in the response for failing to produce the preliminary proof of the demand was sufficient, but adjudged that the verification of the claim by appellant was insufficient and therefore dismissed his petition. For the reasons already stated we think the verification was a substantial compliance.

Wherefore, the judgment is reversed and the cause is remanded, with directions to overrule the motion to dismiss the petition, and for further proceedings consistent herewith.

*Taylor, Sumrall, for appellant.*

*Phister, for appellees.*